## WATTS *v.* HICKS.

### Opinion delivered July 12, 1915.

1. GUARDIAN AND WARD—SALE OF WARD'S LAND—NECESSARY PARTIES.— A proceeding by a guardian to obtain the sale of his ward's real estate is not an adversary proceeding, and the minor is not a necessary party, and a guardian *ad litem* need not be appointed for him.

2. GUARDIAN AND WARD—REMOVAL OF GUARDIAN FROM THE STATE.— While under the terms of the statute (Kirby's Digest, § 3778) letters of guardianship are not revoked by the removal of the guardian from the State, yet the fact of the removal of the guardian from the State is sufficient reason for severing the relation of guardian and ward and revoking the appointment.

3. GUARDIAN AND WARD—REMOVAL OF GUARDIAN FROM STATE—PETITION FOR SALE OF LAND—DUTY OF PROBATE COURT.—Where a minor's guardian removes her residence from the State, and later petitions the probate court for an order of sale of the minor's land, the county court should proceed to remove the guardian and settle her accounts with the minor, and the county court is without jurisdiction to order a sale of the minor's land, upon petition of the guardian, who had left the State.

4. INFANTS—SUPPORT—SALE OF LAND.—Where it appeared that an infant owned land bringing in a net income of about $150 a year, and that it required but $8 per month to support the infant, it would be improper to order a sale of the infant's land for the support of the infant, it appearing also that the land was likely shortly to enhance in value.

5. INFANTS—PROTECTION OF RIGHTS—NEXT FRIEND AND GUARDIAN AD LITEM.—Infants, being persons under disability, can not conduct their own legal proceedings, and the usual custom is for them to appear either by next friend or by guardian *ad litem,* the only difference between the functions to be performed by the next friend and the guardian *ad litem* being that the former prosecutes and the latter defends for the minor.

6. INFANTS—PROTECTION OF RIGHTS—NEAR RELATIVE.—Any near relative of an infant may become a party to an action to sell the lands of the infant, for the purpose of protecting the infant's interest.

7. INFANTS—SALE OF PROPERTY BY GUARDIAN—RIGHT OF INFANT, BY NEXT FRIEND, TO OBJECT.—A minor has a right to appear by next friend and object to a sale of his real estate, and to appeal from an order of the probate court directing such sale to be made by the guardian.

8. INFANTS—SALE OF LAND—OBJECTION—HOW MADE.—The guardian of an infant petitioned the county court to order a sale of the infant's real property. The infant's grandfather appeared and filed a remonstrance. *Held,* the remonstrance made by the grandfather would be treated as made by the infant's next friend, and the remonstrant may appeal to the circuit court from an order adverse to the infant's interests.

Appeal from Logan Circuit Court; *James Cochran,* Judge; affirmed.

*W. A. Ratterree* and *J. H. Evans,* for appellant.

1.   The circuit court had no jurisdiction to hear the cause.   This was an *ex parte* proceeding, and it was improper to allow appellee, the grandfather, to become a party thereto and to appeal from the judgment of the probate court to the circuit court.

In a proceeding of this kind, the guardian, who occupies a fiduciary relation, and the minor, who is the real party in interest, are the only persons who can be aggrieved by the order or judgment of the probate court. If the guardian or minor is not aggrieved, no third person, whether relative or not, can claim to be.

Under the general law, parties to legal proceedings are only those whose legal rights may in some way be affected by the judicial proceeding.   Kirby's Dig., § § 6005, 6006.

Appellee occupied the relation of a friend of the court merely, and as such might properly appear in the

probate court, offer proof and be heard in opposition to the application for the order of sale; but he could not be aggrieved legally by the judgment of the court and could not appeal therefrom in the absence of a special statute authorizing it. See Kirby's Digest, § 1348, as amended by Act 327, Acts 1909. See also 89 Ark. 553; 28 Ark. 478; 47 Ark. 411; 1 Words & Phrases, "Aggrieved Parties;" 45 N. E. 706-7; 152 Ind. 546; 3 N. Y. Sup. 664; 45 S. E. 498, 118 Ga. 684.

In order to give a right of appeal, it must appear that the party appealing has some pecuniary interest or personal right which is immediately or remotely affected or concluded by the judgment appealed from. 24 R. I. 179; 6 N. H. 116; 47 Mass. 194; 128 Mass. 192. See also 140 Wis. 572; 123 N. W. 144; 1 Cyc. 283-4.

2. The evidence does not support the finding and judgment of the circuit court.

*Kincannon & Kincannon,* for appellee.

1. The circuit court's judgment is right and supported by the facts developed in evidence. In view of the income from the land and the prospect of increase in both the value of the land and the income, it would be ill-advised to permit its sale now while the minor is so young and the amount necessary for her support, etc., is so much smaller than it will be when she grows older; and especially would it be ill-advised from a business standpoint to sell the land and turn the proceeds over to a guardian out of the jurisdiction of the court at a time when, by her own acknowledgment, she has no property selected or in mind, in which to reinvest the fund. It might result disastrously to the ward, since the guardian would not be liable for loss resulting from error in judgment even if she acted in good faith in the reinvestment of the funds. 21 Cyc. 78, note 44.

2. Appellee, the grandfather, had the right to appeal from the judgment of the probate court.

HART, J. On the 17th of July, 1914, Lizzie Hicks filed a petition in the probate court for the southern dis-

trict of Logan County, Arkansas in which she repre-
sented that she was guardian for Frankie Hicks, a minor,
and that said minor was the only heir at law of the es-
tate of Frank Hicks, her deceased husband; that there
was no personal property belonging to said estate and
that the estate consisted only of a tract of land compris-
ing about seventy acres. She asked for an order of sale
for the benefit of the minor, alleging that the minor was
in need of the proceeds of said land for the purpose of
educating and maintaining her, and reinvesting the sur-
plus, if any.

H. C. Hicks, grandfather of the minor, filed a re-
monstrance to the petition and objected, in behalf of the
minor, to the sale of the land on the ground that it was
not necessary and that such sale would be improvident.
His reasons were set out in his remonstrance.

It was shown to the probate court that Frank Hicks,
father of the minor, died in Logan County, Arkansas,
and at the time of his death owned a tract of land com-
prising about seventy acres; that his widow was ap-
pointed guardian of the minor child; that she was a
school teacher and that about a year prior to the filing
of the petition for the sale of the land moved to New
Mexico and carried her child with her; that her husband
died October 30, 1907; that at the time the application
for the sale of the land was made the minor was about
seven years old; that on June 4, 1914, Lizzie Hicks mar-
ried a Mr. Watts in the State of New Mexico and resided
in that State with him at the time she filed her petition
for the sale of the real estate.

The petition was sworn to before a notary public in
that State on the 17th day of July, 1914, and was filed in
the probate court on the 28th day of July, 1914. She
gave her deposition to be used on the hearing before the
probate court, and in that deposition testified that she
had no special property in view for reinvestment and
did not know what kind of property she intended to in-
vest in for the minor. She testified that it cost her
about $8 per month to support the minor while she lived

in Arkansas, but that the minor was then larger, required more clothes, was about to start to school, and that it would cost about $16 a month to support her in the future.

On the part of the remonstrant it was shown that the land was situated near the town of Booneville, and was likely to greatly increase in value in the future; that about fifty acres of the land was under cultivation and rented for $150 a year and that with proper care it could be rented for $200 a year; that the taxes on the land were between twenty and thirty dollars; that the soil was fertile; and that the land was worth about $2,500.

At the October term of the probate court the petition and remonstrance were heard by the court and an order of sale of the land was made. H. C. Hicks, grandfather of the minor, filed an affidavit for appeal to the circuit court. In the circuit court a motion was made by the petitioner to dismiss the appeal and the motion was overruled by the court. The circuit court heard the case on substantially the same state of facts as that proved in the probate court and denied the petition for the sale of the minor's land. From the judgment rendered the petitioner has duly prosecuted an appeal to this court.

(1) It is insisted by counsel for the guardian of the minor that the grandfather of the minor was improperly allowed to become a party to the proceeding and to appeal from the judgment of the probate court ordering the land sold. Therefore, they insist that the circuit court erred in refusing to dismiss the appeal. We do not agree with them in this contention. It is true that in this State a proceeding by a guardian to obtain the sale of his ward's real estate is not an adversary proceeding and on that account the minor is not a necessary party and a guardian *ad litem* need not be appointed for him.

(2) Section 3778 of Kirby's Digest provides that no person other than a resident of this State shall be appointed a guardian, and if after his appointment any guardian removes from the State his appointment shall

be revoked and proceedings had as in other cases of revocation. While under the terms of the statute the letters of guardianship are not revoked by the removal of the guardian from the State, yet the fact of the removal of the guardian from the State is sufficient reason for severing the relation of guardian and ward and revoking the appointment. 21 Cyc. 55.

(3) It appears from the record in this case that the guardian was a resident of the State of New Mexico. The probate court on its own motion, under the statute, should have proceeded to remove the guardian and to settle her accounts with the minor. It should not have made an order for the sale of the minor's land upon the petition of the guardian who had left the State and was beyond the jurisdiction of the court.

(4) Moreover, the testimony introduced by the grandfather in behalf of the minor tended to show that it was improvident to sell the lands of the minor; that the minor was young and did not require more than $8 a month for her support, and that the land was capable of being rented for $200 per annum; that the taxes amounted to only between $20 and $30; that the soil was very fertile; that the land was situated near a growing town and was likely to greatly increase in value in the near future. Under these circumstances it would not be for the best interests of the minor to sell the lands.

But it is claimed by counsel for the guardian that the probate court had no authority to allow the grandfather to be made a party to the proceedings because, as we have already seen, the proceeding for the sale of the land was not an adversary action. They contend, therefore, that the appeal should have been dismissed.

(5) Infants, being persons under disability, can not conduct their own legal proceedings, and the usual custom is for them to appear either by next friend or by guardian *ad litem,* the only difference between the functions to be performed by the next friend and the guardian *ad litem,* that the former prosecutes and the latter defends for the minor.

In the case of *Crow, Guardian,* v. *Reed,* 38 Ark. 482, the minor filed exceptions to the current settlement of her guardian with the probate court. She did not appear by next friend or special guardian. The court sustained her right to file the exceptions and in its opinion called attention to the fact that the probate judge should not wait to be moved to correct errors in accounts of guardians and said that otherwise the interest of minors might often be sacrificed by failure of vigilance on the part of near relatives or next friends. Thus it will be seen that the right of infants to form an issue as to the correctness of guardian's accounts is recognized.

(6) The right to appeal from the judgment confirming a settlement of a guardian was also recognized in the case of *Nelson* v. *Cowling,* 89 Ark. 334. By analogy, we think the probate court, under the facts and circumstances adduced in the present case, might allow any near relative of the minor to become a party to the action for the purpose of protecting the interests of the minor. When the minor, by her next friend, was allowed to become a party to the proceeding this raised an issue, not only as to whether the court had the legal right to make the sale, but also the additional question as to whether such sale was advisable; and we are of the opinion that the probate court did not err in allowing the minor, by her next friend, to appear to make objections to the sale.

(7-8) We have not copied the petition of the grandfather into the record on account of its length; but when the petition is read from its four corners it is evident that the grandfather appeared as next friend for the minor and not for his own interest. We are of the opinion that the minor had a right to appear by her next friend and object to the sale of her real estate and to appeal from an order of the probate court directing such sale to be made by the guardian. As already indicated, we are of the opinion that the remonstrance filed by the grandfather and objection made by him was as next friend for the minor and from the views we have ex-

pressed it follows that the circuit court did not err in refusing to dismiss the appeal; and that its judgment refusing to allow the sale of the minor's real estate was correct.

The judgment will be affirmed.