**TILL et al. v. HARTFORD ACCIDENT & INDEMNITY CO. et al.**

No. 2326.

Circuit Court of Appeals, Tenth Circuit.

Dec. 17, 1941.

Rehearing Denied Jan. 20, 1942.

A. L. Morrison, of El Reno, Okl., and Howard K. Berry, of Oklahoma City, Okl. (Ralph H. Schaller and W. P. Morrison, both of Oklahoma City, Okl., Lucius Babcock, Jr., of El Reno, Okl., and Pierce & Rucker, of Oklahoma City, Okl., on the brief), for appellants.

Walter D. Hanson, of Oklahoma City, Okl. (F. A. Rittenhouse and John F. Webster, both of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

PHILLIPS, Circuit Judge.

On December 29, 1939, Hartford Accident and Indemnity Company [1] issued to Lillie Small its policy of liability insurance. It covered two automobiles, one being a 1940 Mercury Tudor Sedan. Under the policy, Hartford agreed to pay on behalf of the insured all sums which insured should become obligated to pay by reason of liability imposed upon her by law for bodily injuries, death resulting therefrom, and injury to or

---

[1] Hereinafter called Hartford.

destruction of property, arising out of the ownership, maintenance, or use of the Mercury, and to defend in the name and on behalf of insured any suit against the insured alleging such injury, death, or destruction and seeking damages on account thereof, even though such suit be groundless, false, or fraudulent.

The policy provided:

"The * * * word 'insured' wherever used in * * * this policy, * * * includes not only the named insured but also any person while using the automobile * * * provided * * * the actual use is with the permission of the named insured."

Frank Woodward, Jr., is the grandson of Small and was living with her on January 3, 1940. On that day, while the Mercury covered by the policy was being driven by him, a collision occurred between it and a Ford Coach owned by Les Till and being operated by Alvin Ice. Jack A. Rose and Howard W. Willis, who were passengers in the Mercury, were killed. Herman Justice and Howard Shull, who were passengers in the Mercury, were injured. Les Till, who was a passenger in the Ford Coach, was killed. Ice was injured. Actions were brought in the district court of Canadian County, Oklahoma, against Small and Woodward by Herman Justice, a minor, through his father and next friend, Homer Justice, by Shull, a minor, through his sister and next friend, Mrs. Claude Bowen, and by Ice, to recover damages for personal injuries, by Martha Till to recover for the death of Les Till, and by Lois M. King to recover damages for the death of Rose. In each of the actions it was alleged that the Mercury was being operated by Woodward, with the knowledge and permission of Small and on her behalf. Shull recovered judgment against Small and Woodward for $3,557.20, from which Small appealed to the Supreme Court of Oklahoma. Martha Till recovered judgment against Woodward in the sum of $2,500. In the Till action the jury returned a verdict in favor of Small.

On June 19, 1940, Hartford commenced this action against Small, Woodward, Martha Till, Ice, King, Herman Justice, a minor, Homer Justice, father and next friend of Herman Justice, Shull, a minor, and Bowen, sister and next friend of Shull. In its complaint, Hartford alleged that it is a corporation organized under the laws of the state of Connecticut and duly authorized to transact business in the state of Okla-

homa; that Small, Woodward, and Martha Till are citizens and residents of Canadian County, Oklahoma; that Ice is a citizen and resident of Garfield County, Oklahoma; that King is a citizen and resident of Oklahoma County, Oklahoma; that Herman Justice and Homer Justice are citizens and residents of Marshall County, Oklahoma; and that Shull and Bowen are citizens and residents of Carter County, Oklahoma.

It alleged the issuance of the policy and attached a copy to the complaint as an exhibit. It further alleged the accident, the death of or injuries to the parties as above set out, the bringing of the suits in the district court of Canadian County, Oklahoma, and the judgments obtained by Shull and Martha Till. It further alleged that following the institution of the actions in the state court it was conceded by Small and Woodward that at the time of the accident the Mercury was being operated by Woodward without the permission, express or implied, of Small and not upon any mission or errand on her behalf, and that Hartford under the policy was neither obligated to defend such suits in behalf of Woodward nor to pay any judgment rendered against him, and that by reason thereof, Hartford refused to defend such actions in behalf of Woodward.

It further alleged "that the defendants, and each of them" in the instant case are contending that Hartford, under the terms of the policy, is obligated to pay "up to the amount of the policy" any judgments rendered or which may be rendered against Woodward in the state court actions.

It further alleged that Shull and Martha Till intended to institute garnishment proceedings against Hartford on their judgments and that the other plaintiffs in the state court actions will institute separate garnishment proceedings against Hartford in the event they recover judgments against Woodward.

Hartford prayed for a declaratory judgment adjudging that it is under no duty or obligation to appear and defend such suits on behalf of Woodward, that at the time and place of the accident, Woodward was not operating the Mercury with the permission of Small, and that the collision and accident are not covered by the policy. It also prayed for an injunction restraining Shull, Bowen, and Martha Till from prosecuting any action in garnishment, or otherwise, until the determination of the instant case.

Martha Till filed a separate answer and cross complaint in which she alleged that the Mercury was being driven at the time of the accident with the express or implied consent of Small; that Woodward was an additional assured under the policy; and that no controversy existed between Hartford and Small and Woodward. She also set up the judgment recovered in the state court and prayed for judgment thereon against Hartford.

Shull and Bowen, as next friend of Shull, filed a joint answer and counterclaim in which they denied that the operation of the Mercury was without the permission, express or implied, of Small and set up the Shull judgment in the state court and prayed for judgment thereon against Hartford.

Herman Justice and Homer Justice, as next friend of Herman Justice, Ice, and King filed separate answers in which they denied that the Mercury was being operated at the time of the accident by Woodward without the permission, express or implied, of Small.

Small filed an answer and a counterclaim in which she alleged that under the terms of the policy, Hartford is obligated to defend her in the state court actions and to pay the expenses in connection therewith, to pay the judgment rendered in the Shull action if that judgment becomes final against her, and to pay any judgments which may be rendered against her within the limits of the policy in actions arising out of the accident. She further alleged that Woodward was not acting as her agent, servant, or employee, nor engaged upon any mission for her at the time of the accident, and that she is entitled to judgment of nonliability as to Ice, King, Herman Justice, and Homer Justice, as next friend of Herman Justice.

She prayed for judgment against Hartford adjudging it to be obligated under the policy to defend any present or future action against her arising out of the accident, and to pay the judgment in the Shull action and any judgment that might be thereafter rendered against her, and adjudging as to Ice, King, Herman Justice, and Homer Justice that Woodward was not her agent, nor engaged upon any mission for her at the time of the accident.

The cause was tried to a jury. The jury answered special interrogatories as follows:

"Interrogatory No. 1. Did the defendant, Frank Woodward, Jr., have permission from the defendant, Lillie Small, to operate her Mercury Sedan on the date in question?

"Answer: No."

"Interrogatory No. 3. Did the defendant, Lillie Small, send the defendant, Frank Woodward, Jr., to Oklahoma City on an errand or mission for the defendant, Lillie Small, upon the date of the accident?

"Answer: No."

Small and the other defendants filed a motion for judgments notwithstanding the verdict. The motion was denied.

The court entered a judgment in which it adjudged and declared that Hartford is not liable to Martha Till, Ice, King, Herman Justice, Homer Justice, as next friend of Herman Justice, Shull, and Bowen, as next friend of Shull, and not obligated to pay any judgment rendered in their favor against Woodward on account of his operation of the Mercury, and that Small is not liable to Ice, King, Herman Justice, and Homer Justice, as next friend of Herman Justice, by reason of the acts of Woodward in the operation of such Mercury; and enjoined Martha Till, Ice, King, Herman Justice, Homer Justice, as next friend of Herman Justice, Shull, and Bowen, as next friend of Shull, from prosecuting any action in any court against Hartford seeking to hold Hartford liable for any judgment rendered in favor of any of such defendants against Woodward; and enjoined Ice, King, Herman Justice, and Homer Justice, as next friend of Herman Justice, from prosecuting any action against Small seeking to recover against Small for the acts of Woodward in the operation of the Mercury.

All defendants in the instant action, except Small and Woodward, have appealed.

■ The injunctive relief was prohibited by § 265 of the Judicial Code, 36 Stat. 1162, 28 U.S.C.A. § 379, as construed in Toucey v. New York Life Insurance Co., 62 S.Ct. 139, 86 L.Ed. ——, decided November 17, 1941, and Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L. Ed. 826. Hence, the injunctive provisions must be eliminated from the decree.

The appellants assert that Small should be arraigned as a party plaintiff; that when she is so arraigned the requisite diversity of citizenship does not exist; and that the trial court was without jurisdiction. They rely upon State Farm Mut. Automobile Ins. Co. v. Hugee, 4 Cir., 115 F.2d 298, 132 A.L.R. 188. Hartford relies on Maryland Casualty

Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. The two cases are distinguishable. In the first case, there was no controversy between the insurance company and the insured as to the duty of the former to defend suits brought against the latter arising out of the accident, while in the latter case the Maryland Company sought a declaratory judgment that it was not liable either to defend the action by Orteca, the claimant, against the insured or to indemnify the latter if Orteca prevailed.

Here, Hartford and Small were mutually interested in obtaining a declaratory judgment to the effect that Woodward at the time of the accident was not operating the automobile for and on behalf of Small nor with her consent. But Hartford, in its complaint, alleged that the defendants herein were contending that Hartford, under its policy, was obligated to pay any judgments up to the limit of the policy rendered against Woodward in the state court action and sought a declaratory judgment adjudging that the accident was not covered by the policy and that it was not obligated to defend the state court actions on behalf of Woodward.

■ Small sought a judgment against Hartford adjudging that it was obligated, under its policy, to defend any actions against her, present or future, arising out of the accident, and to pay any judgments that had been or might be rendered against her in such actions. The declaratory judgment in the instant case with the injunctive provisions eliminated would not prevent the prosecution of actions in the state court against Small. That judgment might only be pleaded as a defense thereto under the doctrine of res judicata. See Toucey v. New York Life Insurance Co., supra. A declaratory judgment that the accident was not within the coverage of the policy would not relieve Hartford from the duty of defending any actions pending or which might be brought against Small. Thus, it will be seen that there was an actual controversy between Hartford and Small both as to the coverage of Woodward as an insured and the obligation of Hartford to defend any actions brought against Small. See Maryland Casualty Co. v. Pacific Coal & Oil Co., supra. We conclude that Small was proper-

ly aligned as a party defendant and that the requisite diversity of citizenship existed.

One question remains. At the hearing on the motion for judgment notwithstanding the verdict, Herman Justice and Shull, minors, urged that the judgment rendered was void for the reason that no guardians ad litem had been appointed to represent the minors in the instant action. The state court actions were brought by the minors through their next friends. The next friends in the state court actions were named as defendants in the instant action.

The lower court found that the rights and interests of the minors in the instant action had been fully represented and adequately protected by their next friends and their attorneys and that no injury had resulted to the minors from the failure to appoint guardians ad litem for them, and that Shull, by his sister and next friend Bowen, had filed a cross complaint seeking affirmative relief.

Rule 17(c) of the Rules of Civil Procedure in part provides:

"The court shall appoint a guardian ad litem for an infant or incompetent person not otherwise represented in an action or shall make such other order as it deems proper for the protection of the infant or incompetent person." 28 U.S.C.A. following section 723c.

■ There is little distinction between a next friend and a guardian ad litem. A guardian ad litem is a special guardian, appointed by the court to defend in behalf of an infant party. A next friend is one who, without being regularly appointed guardian, represents an infant plaintiff. [2]

■ Here, the next friends were made parties defendant and appeared and filed answers in behalf of the minors, and Shull, through his next friend, filed a cross complaint. The next friends appeared and represented the minors at the trial and the court found that the interests of the minors had been fully and adequately represented and protected by their next friends. Therefore, while not technically appointed as guardians ad litem, the next friends did everything for the minors they could have done had they been formally appointed. We conclude that the requirements of Rule 17(c) were sub-

[2] 31 C.J., p. 1118, § 262; Bouv. Law Dict., Rawle's 3rd Rev., Vol. 1, p. 1390; Bunting v. Bunting, 87 N.J.Eq. 20, 99 A. 840, 841, 842; Schade v. Connor, 84 Neb. 51, 120 N.W. 1012, 1015; Watts v. Hicks, 119 Ark. 621, 178 S.W. 924, 925; Crawford v. Amusement Syndicate Co., Mo.Sup., 37 S.W.2d 581, 584; Benson v. Birch, 139 Or. 459, 10 P.2d 1050, 1051.

stantially complied with and that the failure to appoint guardians ad litem did not render the judgment void.

The decree will be modified by eliminating therefrom the injunctive provisions and as modified, affirmed.