**OKLAHOMA FARM BUREAU MUTUAL INSURANCE COMPANY, Plaintiff in Error,**

v.

**Judith E. BRYANT, a Minor, Defendant in Error.**

No. 37557.

Supreme Court of Oklahoma.

Oct. 22, 1957.

Rehearing Denied Nov. 19, 1957.

Truman B. Rucker, Bryan W. Tabor, Gurney G. Cox, Jean Charles Smith, Tulsa, for plaintiff in error.

Robert J. Scott, Pawnee, for defendant in error.

JACKSON, Justice.

This appeal is a proceeding in garnishment against Oklahoma Farm Bureau Mutual Insurance Company, insurer of Welton Berg, father of Darrell Berg.

Judith Bryant, by her father, B. L. Bryant, as next friend, obtained a judgment against Darrell Berg for damages sustained in an accidental injury when she was thrown from a pickup truck owned by Welton Berg and driven by Joyce Spears. The liability of Darrell Berg was established in Berg v. Bryant, Okl., 305 P.2d 517, 519.

The vehicle involved in the accidental injury, owned by Welton Berg, was being driven in and about the town of Skedee, Oklahoma. The insurer had issued a policy in force at the time of the accident. In Berg v. Bryant, supra, it is stated:

"* * * The defendant, on the date of the injury to plaintiff, while driving a pick-up truck owned by his father, invited plaintiff and four other young girls for a ride; defendant allowed Joyce Lee Spears to drive for awhile and then got out of the vehicle; Joyce continued to drive the others in and about the town of Skedee and while she was driving lost control of the truck at a corner; the truck swerved across the road and back striking embankments on each side; plaintiff was thus thrown from the truck bed whereby she suffered the injuries for which recovery in damages was sought."

The policy issued to Welton Berg and covering the Dodge pickup truck involved in the accident contained the following clause:

"IV. Definition of Insured. With respect to the insurance for bodily injury liability or death and for property damage liability the unqualified word 'insured' includes the named Insured and also includes any person while using the insured vehicle and any person or organization legally responsible for the use thereof, provided the actual use of the insured vehicle is by the named Insured or with his permission. * * *."

The questions presented in this appeal are whether the truck was being used at the time of the accident in the entertainment of Darrell Berg's friends and if so, whether this use was with the permission of the named insured (Welton Berg).

Welton Berg testified that his son was authorized to use the truck in entertaining his friends in any reasonable manner but that he did not give his permission for Joyce Spears to drive the truck. That approximately six months before the accidental injury he had instructed Darrell not to allow any other person to drive the truck. This followed an incident in which a companion of Darrell drove the truck and ran out of gas. He further testified that if Darrell had permitted any other person to drive the truck, contrary to his instructions, he had not heard of it.

Two or three witnesses testified that they had seen other young people driving the truck in question within two or three months prior to the time plaintiff received her injuries. None of these witnesses testified that the owner of the vehicle knew that other young people were driving the vehicle, or testified to facts indicating that he should have known.

Darrell Berg testified that after being instructed by his father not to allow any other

person to drive the truck that no other person had driven it except Joyce Spears, on the day of the accident.

From our examination of the record it is apparent that Darrell had broad authority from his father to use the truck in entertaining Darrell's friends. Undoubtedly the truck was being used at the time of the accident in the entertainment of Darrell's friends. But can it be said that this use was "by the named insured or with his permission"? The insured had specifically instructed his son not to let any other person drive the vehicle. This constituted a restriction upon the use of the vehicle. As applied here it meant that Darrell's permission to use the vehicle did not go to the extent of allowing others to drive it. We do not think the evidence warrants the inference or conclusion that the use of the vehicle, in the hands of Joyce Spears, at the time of the accident in question was authorized or permitted by the named insured.

We think our decision in Carlton v. State Farm Mutual Automobile Ins. Co., Okl., 309 P.2d 286, 288, is decisive of the issues presented here. In that case the definition of "insured" contained in the policy is identical to the definition of "insured" involved in this case. The facts in that case were almost identical to the facts in this case. There the owner of the automobile had authorized his wife to use the car but had specifically instructed her not to let anyone else drive the car. She had not previously permitted anyone to drive the car. On the day of the accident, and contrary to her husband's instructions, she let her brother drive the car on a mission for his father. While her brother was driving, the accident occurred. In the body of the opinion it is said:

> "We are of the view that the trial court properly held under the facts here disclosed, when applied to the terms of the policy of insurance on Wright's Ford automobile, that State Farm Mutual Automobile Insurance Company is not liable to respond as a garnishee. * * *."

The cause is reversed and remanded with directions to the trial court to vacate the judgment entered for the plaintiff and enter judgment for the defendant.

WELCH, C. J., CORN, V. C. J. and HALLEY, JOHNSON, WILLIAMS, BLACKBIRD and CARLILE, JJ., concur.