**FARMERS ALLIANCE MUTUAL INSURANCE COMPANY, Plaintiff-Appellee,**

v.

**Alan JONES and Craig Lee McCracken, Defendants-Appellants.**

No. 77–1855.

United States Court of Appeals, Tenth Circuit.

Submitted on Briefs Jan. 23, 1978.

Decided Feb. 22, 1978.

Elliott C. Fenton and Larry D. Ottaway of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for plaintiff-appellee.

Charles B. Grethen and E. V. Spadafora, Purcell, Okl., for defendants-appellants.

Before SETH, Chief Judge, McWILLIAMS and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

Farmers Alliance Mutual Insurance Company (Farmers) brought this diversity-based action under the Declaratory Judgment Act, 28 U.S.C. § 2201 (the Act), to determine its liability under an automobile insurance policy issued to Spann Chevrolet Company (Company). The trial court granted Farmers' motion for summary judgment finding, as a matter of law, that Farmers was not liable on the policy in that the driver of a Company vehicle was not an insured under the Farmers' policy.

In August, 1975, Farmers, a Kansas corporation, issued a "General Automobile Liability Policy" to Company, an Oklahoma corporation, covering cars owned by Company. Under the terms of the policy, Farmers assumed liability for automobile accidents in which the named insured, any officer of the corporation or any one using an automobile owned by Company with appropriate permission were involved. Farmers also agreed to defend the insured in any automobile negligence action.

In May of 1976, a 1975 Camaro, driven by one E. L. Shippey, was involved in a one-car accident. Shippey was killed. The passen-

gers, Melissa Spann, daughter of Orval Spann, vice-president of Company, and appellants, Alan Jones and Craig Lee McCracken, were injured. Melissa had been given express permission to drive the vehicle; however, Shippey had no such permission.

Subsequently, both Jones and McCracken filed negligence actions in the district court of Pontococ County, Oklahoma. Named as defendant in these actions was Sally Ann Shippey, administratrix of the driver's estate. Before the state actions were litigated, Farmers filed this declaratory judgment action, naming Company, Orval Spann, Melissa Spann, Sally Ann Shippey and appellants Alan Jones and Craig Lee McCracken as defendants. Only Jones and McCracken appeal the adverse decision of the trial court.

On appeal, Jones and McCracken contend that: (1) the trial court had no jurisdiction under the Declaratory Judgment Act; (2) Orval Spann and Company should have been realigned as party plaintiffs, thereby destroying diversity; and (3) summary judgment was erroneously granted in that there was a genuine issue of material fact as to "implied permission" of Shippey to drive the Company vehicle.

## I.

Jones and McCracken contend that Farmers should not have been able to maintain a declaratory judgment action in federal court inasmuch as a similar action for declaration of its rights could not have been brought in Oklahoma state courts.

Oklahoma's declaratory judgment act, 11 O.S. § 1651, expressly prohibits actions brought to determine liability of insurors. The federal Declaratory Judgment Act is much broader. It allows for entertainment of any "actual controversy within its jurisdiction." Appellants contend that this presents an issue of substantive law dictating application of the doctrine of *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny. Under their theory of *Erie, supra*, appellants contend that inasmuch as Farmers is not

permitted to bring a declaratory action in Oklahoma state courts, it should not be permitted to bring a similar action in federal court. We reject this contention.

■ It is well recognized that the Act involves procedural remedies and not substantive rights. 6A Moore's Federal Practice § 57–23, at 57–237; 20 Appleman's Insurance Law and Practice § 11332, at 102. The Act does not create substantive rights for parties; it merely provides another procedure whereby parties may obtain judicial relief. We have here, then, a procedural question dealing simply with a choice of forums.

■ There is, of course, a substantive question involved in the case which must be decided under Oklahoma law; i. e., whether the driver will be classed as an insured under the Farmers policy. The prohibition against declaratory judgments contained in the Oklahoma statute does not affect Farmers' suit in federal court.

Declaratory judgment actions are seen as useful in actions wherein insurance companies seek to have their liability declared. 20 Appleman's, § 11332, at 109. We have expressly recognized that one of the primary functions of the Act is to provide the insuror such a forum. *Western Casualty and Surety Co. v. Teel*, 391 F.2d 764 (10th Cir. 1968).

■ A trial court has discretion to determine whether to entertain a declaratory judgment action and the decision of the trial court will not be overturned unless there is a clear abuse of that discretion demonstrated. *Duggins v. Hunt*, 323 F.2d 746 (10th Cir. 1963). No such abuse occurred here.

## II.

Jones and McCracken argue that no "actual controversy" exists between the plaintiff, Farmers, and defendants, Company and Orval Spann, inasmuch as all parties agree that Farmers is not liable to Jones and McCracken. Appellants contend that because only a nominal controversy exists,

the above-named defendants should have been realigned as party plaintiffs, with the resultant destruction of diversity of citizenship.

In diversity suits, courts will scrutinize the interests of the parties in order to determine if their positions as plaintiffs and defendants conform to their real interests. When appropriate, parties will be realigned; however, this is to be done only after real rather than apparent interests have been ascertained. 3A Moore's Federal Practice, 2nd ed., § 1093(1), at 2152. Facts which can be used for forming the determination that realignment is proper must have been in existence at the time the action was commenced. *See, Universal Underwriters Insurance Co. v. Wagner,* 367 F.2d 866 (10th Cir. 1966); *Scott v. Fancher,* 369 F.2d 842 (5th Cir. 1966); *Texas Pacific Coal & Oil Co. v. Mayfield,* 152 F.2d 956 (5th Cir. 1956). An action is deemed to commence at the time of filing of the complaint. Accordingly, we must examine the pleadings to determine if there was a justiciable controversy. Farmers, in its complaint, alleges that an actual controversy exists "involving the rights and liabilities under contract of liability and dependent upon the construction of said contract of liability insurance." In their answer, defendants Company and Orval Spann contend that Farmers should be required to provide *coverage* to Company to the extent of the policy limits and to *defend* Company in any action arising out of the May 1976 accident. These facts, as pleaded, reveal then that Farmers and Company recognized that their interests were adverse.

Appellants anchor their contention that there is no actual controversy presented herein primarily on a statement made by Orval Spann, in a deposition taken after commencement of this action. Spann, in asserting that Shippey had no permission to drive the Camaro, remarked, "If I don't have any liability, then I'm sure that the insurance company doesn't have any liability."

Appellants rely heavily on *Fireman's Fund Insurance Co. v. Dunlap,* 317 F.2d 443 (4th Cir. 1963), wherein the court, in a diversity based declaratory judgment action, dismissed for want of an actual controversy after realigning the parties. In that case Fireman's, as insuror, brought an action seeking a declaration of its liability. Fireman's alleged that it had no duty to defend or to pay a judgment because the requisite permission to use the automobile involved in an accident was not present. That case, wherein realignment was proper, can be readily distinguished from the case at bar. In *Fireman's Fund, supra,* the insured asserted, in defense, that he was not liable to parties who had been injured because the driver was using his vehicle without permission. The insured affirmatively asserted this defense in a cross-claim filed against the co-defendants, the administrators of estates of persons who had been killed when his vehicle struck them. Further, he actively cooperated with insurance investigators in order to establish the defense of lack of permission both for the company and himself. Under these circumstances, the court found that the insuror and insured did not have adverse interests. We have no argument with that decision.

The rule applied in *Fireman's Fund, supra* does not fit the case at bar. The only proof presented by appellants that no adversity exists is contained in Spann's testimony. However, there is no indication therein that Spann actively cooperated with Farmers or that Farmers would not defend Company in the state action. Spann's remarks, standing alone, are not supportive of the proposition that there is no actual controversy between the insuror and the insured.

In *Till v. Hartford Accident & Indemnity Co.,* 124 F.2d 405 (10th Cir. 1941), we considered the issue of realignment in a declaratory judgment action filed by an insuror against an insured. We there determined that the parties' interests were adverse. That opinion controls here. In *Till, supra,* the insuror alleged that it had no duty to pay a judgment or to defend any action against the insured. The insured, by way of counterclaim, asserted that insuror was obligated to defend any action brought

against insured and to pay any judgments resulting from such action. In its counterclaim, the insured agreed with insuror that the driver was using insured's car without permission. We there held that a justiciable controversy was presented:

> A declaratory judgment that the accident was not within the coverage of the policy would not relieve Hartford [insuror] from the duty of defending any actions pending or which might be brought against Small [insured]. Thus, it will be seen that there was an actual controversy between Hartford and Small both as to the coverage of Woodward [driver of the car] as an insured and the obligation of Hartford to defend any actions brought against Small.

124 F.2d, at p. 408.

The rule applied in *Till, supra,* is applicable here. Farmers had agreed by the terms of its policy to defend and compensate Company, et al., in any actions arising out of use of an insured vehicle. There is nothing in this record from which one could infer that Farmers refused to defend Company's interests. Absent any affirmative evidence indicating collusion between Farmers and Company, we hold that there did exist an actual controversy between Company and Farmers. The trial court did not err in refusing to realign Company and Orval Spann as party plaintiffs.

### III.

Jones and McCracken contend that the grant of summary judgment in favor of Farmers was improper in that there was an unresolved factual issue bearing on whether Shippey had permission to drive the Company vehicle.

Fed.Rules Civ.Proc., rule 56, 28 U.S.C., allows for summary judgment when there is no genuine issue as to any material fact. Here, if there is any actual genuine factual dispute at issue, it is whether Shippey had either expressly or impliedly been granted permission to use the Company vehicle.

■ The import of ascertaining whether such permission existed is apparent. Under its policy terms with Company, Farmers assumed liability for accidents occurring while a Company vehicle was being used by any person who had permission of the named insured (Company). In Oklahoma, permission to use an automobile can be either express or implied. *Oklahoma Farm Bureau Mutual Insurance Co. v. Bryant,* 318 P.2d 430 (Okl.1957); *Carlton v. State Farm Mutual Automobile Insurance Co.,* 309 P.2d 286 (Okl.1957).

Shippey did not have express permission to use the subject vehicle. It is undisputed that Melissa Spann had received express permission to use the automobile; however, no such authority had been granted to Shippey.

■ It is only in the area of implied permission, then, that some factual issue might arise. Factors which can be used to find implied affirmative consent are based on mutual acquiescence or course of conduct of the parties. Implied permission to use another's automobile is said to arise or:

> . . . may result by implication from the relationship of the parties and their course of conduct in which they mutually acquiesced. And it may arise from a course of conduct pursued with knowledge of the facts for such time and in such manner as to signify clearly and convincingly an understanding consent which amounts in law to a grant of the privilege involved.

*United Services Automobile Association v. Preferred Accident Insurance Company of New York,* 190 F.2d 404 (10th Cir. 1951).

Thus, if Jones and McCracken have presented evidence going to the proposition that permission should be implied as a result of conduct or acquiescence of Company, then the summary judgment in favor of Farmers should not have been granted.

■ There is, in this instance, no special kind of relationship between Company and Shippey which would result in drawing an inference that Shippey had permission to use the Company vehicle. There was, to the contrary, an animus between Spann and Shippey, for Shippey was Orval Spann's

estranged son-in-law. Melissa Spann had been expressly instructed not to see Shippey. Even though Melissa had permission to use the vehicles belonging to Company, this status did not vest in her the right to extend such permission to others. A parent-child relationship, standing alone, is not sufficient to support the inference that the child had authority to loan out the parent's vehicle. *Western Casualty and Surety Co. v. Grice,* 422 F.2d 921 (10th Cir. 1970).

Orval Spann and his wife, Wanda, adamantly deposed that they had expressly forbidden Melissa to allow anyone else to drive a vehicle entrusted to her. They further averred that they knew of no instance when she had disobeyed this order. Under Oklahoma law no permission will be implied if express prohibitions are issued and the owner has no reason to know that the vehicle was in fact being used by others. *Oklahoma State Farm Mutual v. Bryant, supra; Carlton v. State Farm Mutual Insurance Co., supra.* In applying Oklahoma law, we have held that the grant by a permissive user, in derogation of instructions not to permit another to use a vehicle, does not constitute implied permission. *Samuels v. American Automobile Insurance Co.,* 150 F.2d 221 (10th Cir. 1945).

Jones and McCracken, by their respective affidavits, assert that Wanda Spann had knowledge that Melissa had, on occasion, allowed them to drive vehicles which she was permitted to use. They also assert that Wanda Spann consented to this use. However, nothing in this record evidences that Jones or McCracken had any knowledge that Shippey drove a Company vehicle with acquiescence in that use by the Spanns. Thus, these affidavits contain no information from which it can be inferred that Shippey had previously used a Company vehicle. This lack of facts relating to use by Shippey, coupled with the assertion by Orval Spann that Melissa was directed not to see Shippey, do not support Jones and McCracken in their contention that there were unresolved factual issues. The trial court correctly granted summary judgment in favor of Farmers. In doing so, the court properly "pierced" the pleadings in finding from the complaint, answers, depositions and affidavits that no genuine issues of material facts exist. *Ando v. Great Western Sugar Company,* 475 F.2d 531 (10th Cir. 1973).

WE AFFIRM.