953 F.2d 1392
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 SELECT INSURANCE COMPANY, a Texas Corporation, Plaintiff-Appellant,
v.
Earl DENNETT, doing business as Dennett's Conoco, Defendant-Appellee.
 Nos. 91-6232, 91-6246.
 United States Court of Appeals, Tenth Circuit.
 Feb. 3, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Senior Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Select Insurance Company, a Texas corporation, (Select) appeals the order of the district court dismissing it's declaratory judgment action against Earl Dennett d/b/a Dennett's Conoco (Dennett).
 
 
 3
 The instant case evolved from an altercation between Dennett and J. Dean Brack (Brack) which resulted in Dennett's arrest on a charge of battery. Dennett was found guilty of battery by the Municipal Court of Hutchinson, Kansas, fined, and assessed court costs. No appeal was taken from the judgment. Several months later, Brack filed a civil action in a Kansas state district court seeking damages as a result of the altercation. Dennett subsequently made demand upon Select for a defense and for indemnification.
 
 
 4
 Select responded that its policy contained an exclusion for intentional acts, and that it was accordingly not obligated to indemnify or to provide Dennett with a defense. After the denial was communicated to Dennett, he continued to make repeated demands upon Select to provide him with a defense and indemnification. Select subsequently filed this action seeking a declaration of its rights and liabilities under the policy.
 
 
 5
 After reviewing the arguments and authority submitted by the parties, the district court determined that a dismissal of Select's complaint was warranted. The district court's determination was based upon Dennett's collateral lawsuit pending in state court, in which the issue of the nature of Dennett's acts could more effectively and economically be resolved.
 
 
 6
 On appeal, Select contends that the district court abused its discretion by denying it a forum in which to have its policy rights and obligations declared, and by its treatment of collateral estoppel as an evidentiary issue and not a matter of substantive law.[1]
 
 
 7
 Reviewing the district court's order dismissing the declaratory judgment action under a clear abuse of discretion standard, see Kunkel v. Continental Casualty Co., 866 F.2d 1269 (10th Cir.1989), we affirm.
 
 In Kunkel, at 1275, this Court observed:
 
 8
 Federal courts as a general rule cite Borchard's treatise on declaratory judgments in deciding the propriety of declaratory relief. (Citations omitted). Accordingly, a court in the exercise of its discretion should declare the parties' rights and obligations when the judgment will (1) clarify or settle the legal relations in issue and (2) terminate or afford relief from the uncertainty giving rise to the proceeding. (citing E. Borchard, Declaratory Judgments at 299 (2d ed. 1941)).
 
 
 9
 We held, however, that a federal court should not entertain a declaratory judgment action if the same fact-dependent issues are likely to be decided in a pending proceeding. Id. at 1276. See also, Brillhart v. Excess Ins. Co., 316 U.S. 491, 495 (1942); Western Casualty and Surety Co. v. Teel, 391 F.2d 764, 766 (10th Cir.1968).
 
 
 10
 The Supreme Court has concluded that the decision whether to entertain a declaratory judgment action is a matter left solely to the sound discretion of the trial court. Alabama State Federation of Labor v. McAdory, 325 U.S. 450, 462 (1945). See also, Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1386 (10th Cir.1978). The Supreme Court has stated that the Declaratory Judgment Act "is an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Green v. Mansour, 474 U.S. 64, 72 (1985) (citing, Public Service Comm'n v. Wycoff Co., 344 U.S. 237, 241 (1952)). See also, Public Affairs Press v. Rickover, 369 U.S. 111, 112 (1961).
 
 
 11
 The adjudication of the action brought by Brack in the Kansas state district court of Reno County, Kansas, should determine the issue of whether Dennett's actions were intentional, thus resolving the coverage issue complained of in the instant case. Select chose not to be involved in Dennett's defense, and therefore, cannot now complain that fact-dependent issues will be resolved in its absence.
 
 
 12
 Kunkel clearly indicates that the district court has broad discretion whether or not to entertain a declaratory judgment action. We agree with the district court's conclusion that the same fact-dependent issues presented here are likely to be decided in the pending state court action, and that the usefulness of the declaratory judgment action "[i]s outweighed in this case by the fact that there is another lawsuit pending in which the nature of Mr. Dennett's acts can be more effectively and economically resolved." (Appendix to Brief of Appellant Select, Tab 8, p. 000100).
 
 
 13
 We hold that the district court's dismissal of Select's complaint for declaratory judgment was not an abuse of discretion.
 
 
 14
 AFFIRMED.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Because our determination of Select's first contention is dispositive, we will not address the second contention