838 F.Supp. 503 (1993)
KENKO INTERNATIONAL, INC., Kenneth J. Deprez, and Kathryn L. Battaia, Plaintiffs/Counterclaim Defendants,
and
Michael Boone d/b/a Boone & Associates, Plaintiff in Intervention,
v.
ASOLO S.R.L., Asolo S.p.A., Nordica U.S.A., Inc., Giuliano Zavan, Silvano Storer, Alfred Pellegrini, Timothy Jamieson, Steve Meineke and Charles Macomber, Defendants/Counterclaim Plaintiffs,
v.
Giancarlo TANZI and Deprez, Inc., Counterclaim Defendants.
Civ. A. No. 93-K-1778.
United States District Court, D. Colorado.
December 2, 1993.
*504 Kenneth Siegel and Leanne B. DeVos, Sherman & Howard, Denver, CO, for plaintiffs.
Richard A. Johnston, Hale & Dorr, Boston, MA, Donald K. Bain, Holme, Roberts & Owen, and Marshall D. Brodsky, Denver, CO, for defendants.

ORDER DISCHARGING ORDER TO SHOW CAUSE
KANE, Senior District Judge.
This matter is before me in connection with the parties' responses to my order to show cause why this action, removed from Denver District Court, should not be remanded for lack of complete diversity between the parties. I have reviewed the responses to the order to show cause and conclude that Plaintiff in Intervention Michael Boone d/b/a Boone & Associates ("Boone") is not an indispensable party, that his real interests are that of a defendant and that in lieu of realigning him as such, Boone should be dismissed without prejudice to preserve diversity between the Plaintiffs and Defendants.

I. Facts.

Plaintiff's initiated this lawsuit in Denver District Court on December 29, 1992. They allege claims against the Defendants for breach of contract and various state law torts arising out of the alleged breach of an agreement whereby Plaintiff Kenko was granted an exclusive distributorship of Defendant Asolo's products. Kenko is a Colorado corporation and Plaintiffs Deprez and Battaia are Colorado residents. Asolo is a company organized under Italian law and Defendant Nordica, U.S.A., Inc. is a Delaware corporation. The individual defendants, Zavan, Storer, Pellegrini, Jamieson, Meineke and Macomber, are either Italian citizens or residents of the state of Vermont.
On May 14, 1993, while the action was still proceeding in state court, Boone moved to intervene in the action to assert a claim against Kenko for $20,374 in commissions he allegedly earned as an independent sales agent for the company. That motion was granted, and Boone was denominated as a *505 plaintiff in intervention. Boone is a resident of Colorado.
On August 23, 1993, Defendants filed a notice of removal of the action to this court. In their notice, Defendants allege that there is complete diversity between the Plaintiffs and Defendants and more than $23,900,000 in controversy, supporting my jurisdiction under 28 U.S.C. § 1332. Because it seemed apparent that Boone's real interests were not that of a plaintiff, and that his realignment as a defendant would destroy complete diversity between Plaintiffs and Defendants in this case, on November 2, 1993, I issued an order (subsequently clarified) requiring the parties to show cause why this action should not be remanded.
All parties have now had an opportunity to respond to the order to show cause. Plaintiffs on one hand formally take no position on whether remand is appropriate, but later state that Boone should be realigned as a defendant and perhaps dismissed from the action. Defendants adopt the opposite position, arguing that Boone's true adversary is Defendant Asolo and that he is properly aligned as a plaintiff. Alternatively, they contend that if Boone is realigned as a defendant, he should be dismissed from the action because he is not an indispensable party. Finally, Boone accepts his characterization as a defendant, but maintains he is an indispensable party because his interest in any potential judgment between Plaintiffs and Defendants would be practically impaired if he were dismissed from this lawsuit. Therefore, he urges me to remand the case to state court for lack of diversity jurisdiction. The range of viewpoints on this issue illustrates the difficulty with which the determination of a party's "real interests" is often made.

II. Jurisdiction.

A. Boone's "Real Interests."

"In diversity suits, courts will scrutinize the interests of the parties in order to determine if their positions as plaintiffs and defendants conform to their real interests." Farmers Alliance Mut. Ins. Co. v. Jones, 570 F.2d 1384, 1387 (10th Cir.), cert. denied, 439 U.S. 826, 99 S.Ct. 97, 58 L.Ed.2d 119 (1978). The parties' characterization in formal pleadings is not conclusive. City of Indianapolis v. Chase Nat'l Bank, 314 U.S. 63, 69, 62 S.Ct. 15, 16, 86 L.Ed. 47 (1941). Instead, in determining alignment the court must look to the facts in existence at the time the action was commenced. Farmers, 570 F.2d at 1387. These same principles apply to removal actions. See Chicago, R.I. & P.R. Co. v. Stude, 346 U.S. 574, 580, 74 S.Ct. 290, 294, 98 L.Ed. 317 (1954); Carlton v. Withers, 609 F.Supp. 146, 149 (M.D.La.1985). Thus, I look to the pleadings at the time of removal to determine whether Boone is properly aligned as a plaintiff. See Farmers, 570 F.2d at 1387.
Looking at Boone's amended motion to intervene and amended complaint in intervention, Boone asserts a simple claim for unpaid commissions against Kenko. He makes no affirmative claim against Asolo or the other defendants, other than to indicate in his motion that he seeks intervention so that any judgment he obtains against Kenko may be paid from funds deposited into the court's registry in the primary action. Although both Boone and the Defendants argue that Kenko does not dispute that it owes Boone the commissions, nothing in the pleadings as of the date of removal so indicates. Subsequent representations by Kenko principals purportedly conceding liability to Boone and indications that Boone may in the future attempt to file affirmative claims against Asolo are irrelevant. Farmers, 570 F.2d at 1387. Therefore, I conclude that Boone's real interests in this case are adverse to the Plaintiffs.
My conclusion is supported by case law. In U.S.I. Properties Corp. v. M.D. Construction Co., 860 F.2d 1 (1st Cir.1988), cert. denied, 490 U.S. 1065, 109 S.Ct. 2064, 104 L.Ed.2d 629 (1989), a dispute arose between a corporation which had sold and accepted a mortgage on real property ("seller), the builder which purchased and mortgaged the property ("builder"), and the corporation engaged to partially finance and sell the units the builder constructed ("marketer"). Litigation between all the parties was commenced in state and federal court. Before the seller commenced its federal court diversity action, however, it and the builder entered into an agreement whereby the builder *506 conceded liability and agreed not to mount a defense to the action other than to assert that the marketer was solely liable. In that lawsuit, the seller was denominated plaintiff and the builder and marketer defendants. The jury awarded judgment in favor of the seller and builder and against the marketer. See id. at 4.
On appeal, the marketer argued lack of diversity jurisdiction based on its contention that the seller and the builder, because of their agreement as to liability, should have been aligned together. The appellate court disagreed. Although they had agreed as to liability, the seller and builder had not agreed as to how that liability would be paid, even considering the builder's assignment to the seller of any amounts it recovered against the marketer. The appellate court reasoned that the builder's "concession of liability meant the unavoidable realization that it would pay  yet to be determined, however, was the most crucial detail of whether payment would be out of its own funds or out of monies recovered" from [the marketer]. There remained a real conflict of interests between the parties." Id. at 5. Compare Carlton v. Withers, 609 F.Supp. at 150 (intervenor aligned as plaintiff where he had been assigned all of plaintiff's rights against the defendant).
In this case, there is no agreement between Boone and Kenko as to liability, much less an agreement as to the source of payment of that liability. The plain allegations in Boone's complaint assert a simple claim for unpaid commissions adverse to Kenko. Therefore, I conclude that Boone's real interests are that of a defendant, and that as so denominated, there is no complete diversity between Plaintiffs and Defendants.

B. Boone as an Indispensable Party.

Under Fed.R.Civ.P. 21, "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." The Tenth Circuit has interpreted this rule to permit parties to be dropped from an action "`in order to achieve the requisite diversity of citizenship if their presence is not essential to a just and meaningful adjudication.'" Jett v. Phillips & Assocs., 439 F.2d 987, 989-90 (10th Cir.1971) (citing Oppenheim v. Sterling, 368 F.2d 516, 518 (10th Cir.1966), cert. denied, 386 U.S. 1011, 87 S.Ct. 1357, 18 L.Ed.2d 441 (1967)). In this case, I have discretion to dismiss Boone from this action to achieve complete diversity unless Boone can be considered an "indispensable party" under Rule 19. See id. at 990. A party is indispensable if, among other things, "the person claims an interest relating to the subject matter of the action and is so situated that the disposition of the action in the persons absence may ... as a practical matter impair or impede that person's ability to protect that interest." Fed. R.Civ.P. 19(a)(2)(i).
Here, Boone contends that he is an indispensable party because, should he obtain a judgment against Kenko for the commissions, he has no other way to protect his interest in obtaining payment of that judgment out of any amounts which Kenko may be awarded herein, other than by being a party to this lawsuit. This alleged "interest" in a potential judgment against the Defendants is insufficient to afford Boone indispensable party status. Boone's purported interest is purely financial: he seeks only to gain priority over other creditors of Kenko for the payment of his potential judgment against Kenko. "The `interest relating to the subject matter of the action,' that makes an absent person a party needed for just adjudication, must be a legally protected interest, and not merely a financial interest or interest of convenience." 3A James W. Moore et al., Moore's Federal Practice ¶ 19.07-1[2.-0] at 19-99 (1993). Boone fails to demonstrate that his desire to obtain priority to Kenko's distribution of any funds it recovers from the Defendants is such a legally protected interest. Therefore, he is not an indispensable party, and I may exercise my discretion to dismiss him from this action to preserve diversity between Plaintiffs and Defendants. Accordingly,
IT IS ORDERED THAT Plaintiff in Intervention Michael Boone d/b/a Boone & Associates is DISMISSED without prejudice from this action, and
*507 IT IS FURTHER ORDERED THAT the order to show cause is DISCHARGED.