**GUARDIAN LIFE INS. CO. OF AMERICA v. KORTZ et al. (two cases).**

Nos. 3200, 3201.

Circuit Court of Appeals, Tenth Circuit.

Oct. 30, 1945.

---

[5] 23 C.J.S., Criminal Law, § 1397, p. 1076.

See, also, 10 Cir., 144 F.2d 676.

Lowell White, of Denver, Colo., for appellant.

Max P. Zall and Samuel S. Ginsberg, both of Denver, Colo., for appellee.

Before PHILLIPS, BRATTON, and MURRAH, Circuit Judges.

584

PHILLIPS, Circuit Judge.

The Guardian Life Insurance Company [1] has appealed from judgments dismissing two separate actions brought by it against Kortz under § 274d of the Judicial Code, 28 U.S.C.A. § 400.

In its complaint in Number 3200, the first of such actions, the Insurance Company alleged that it is a citizen of New York; that Kortz is a citizen of Colorado; that the amount in controversy, exclusive of interest and costs, exceeds $3,000; that on August 20, 1923, it issued to Kortz a policy of life insurance; that by a separate contract attached to the policy, the Insurance Company agreed that if due proof should be furnished to it at its home office that Kortz, before attaining the age of 60 years and while the policy was in full force and effect, had become totally and permanently disabled by bodily injury or disease, the Insurance Company would pay him during such disability an income of $220 per month; that such contract provided that although proof of total and permanent disability may have been accepted by the Insurance Company, it might at any time demand due proof of the continuance of such total disability, and upon failure to furnish such proof or if it should appear to the Insurance Company that Kortz was able to perform any work or follow any occupation whatever for remuneration or profit, no further income payments should be made.

The Insurance Company further alleged in Number 3200 that on or about January 21, 1938, Kortz filed with the Insurance Company a proof claiming that he was totally and permanently disabled, and that thereafter a court of competent jurisdiction adjudged that Kortz was totally and permanently or totally and continuously disabled from January 21, 1938, to March 21, 1939; that thereafter a final judgment was entered in the District Court of the United States for the District of Colorado in an action brought by Kortz against the Insurance Company, by which it was adjudged that Kortz was not totally and permanently disabled within the meaning of such contract between March 21, 1939, and June 21, 1943; that an actual controversy exists between the Insurance Company and Kortz; that Kortz claims that he became totally and permanently disabled by bodily disease on June 21, 1943, and that such dis-

ability has continued since that date; that Kortz claims the Insurance Company owes him disability benefits at the rate of $220 per month from June 21, 1943, or a total of $5,060; that such contract provides that there shall be no liability for any disability commencing after Kortz has attained the age of 60 years; that Kortz was approximately 64 years and 5 months of age on June 21, 1943; that according to the statutes of Colorado, Kortz, having completed his sixty-fourth year, has a life expectancy of 11.68 years; that such contract, if it continues to exist, has a present value of $30,825.60; and that if such contract is in force, it will be necessary for the Insurance Company to set up a reserve of approximately $16,000 to pay such disability benefits as they become due.

The Insurance Company prayed that the court enter a judgment declaring that the disability provision of the contract had terminated and that the Insurance Company was no longer liable for any disability benefits, and enjoining Kortz from maintaining any action against the Insurance Company on account of present or future alleged disability.

Kortz filed a motion to dismiss in Number 3200 in which he set up that the amount in controversy is less than $3,000; that there is pending in the District Court in and for the City and County of Denver an action brought by Kortz against the Insurance Company to recover disability benefits under such contract for the period from June 21, 1943, to June 21, 1944, in the sum of $2,640, with interest at 6 per cent from the respective dates when such payments became due; that the Insurance Company has appeared in such action and that the state court has exclusive jurisdiction of the controversy; that if Kortz should make a claim for disability benefits which have accrued since the commencement of the state court action, it would not exceed $2,420. The motion further set up that the complaint in the first of the instant actions fails to state a claim upon which relief can be granted.

In its complaint in Number 3201, the second action for a declaratory judgment, the Insurance Company alleged substantially the facts alleged in its complaint in Number 3200. To the complaint in Number 3201, Kortz filed a motion to dismiss in which he set up substantially the same

---

[1] Hereinafter referred to as the Insurance Company.

grounds as he set up in his motion in Number 3200.

The actions for declaratory judgments were commenced on June 1, 1945. Thereafter, on July 26, 1945, Kortz commenced another action in the state court against the Insurance Company in which he sought to recover disability benefits under such contract for the period from June 21, 1944, to July 21, 1945.

■ Here, an actual controversy exists between the parties. Kortz asserts that he is totally and permanently disabled and that the Insurance Company is liable to him for disability benefits under the contract. The Insurance Company asserts that such disability arose after Kortz became 60 years of age and that the contract has, therefore, expired by its own terms. The question presented is whether there is now an existing contract. The installments that had matured when Number 3200 was commenced exceeded $3,000. Moreover, the controversy involves more than alleged liability for matured installments. The Insurance Company seeks an adjudication that will relieve it from both matured and future disability payments. Since Kortz's life expectancy is 11.68 years, the amount involved, exclusive of interest and costs, is far in excess of $3,000.[2]

■ The pendency of the actions brought by Kortz in the state court did not give that court exclusive jurisdiction of the subject matter of the actions for declaratory judgments. The causes of action asserted are not the same. In the state court actions, Kortz seeks recovery of accrued disability benefits. In the declaratory judgment actions, the Insurance Company seeks an adjudication that the contract is terminated and seeks relief from matured, as well as future, liability for disability benefits. Moreover, the state court actions and the declaratory judgment actions are in personam. It is well settled that where two actions involving the same cause of action are pending in a state and a federal court, and are within the concurrent jurisdiction of each, both actions, in so far as they seek relief in personam, may proceed at the same time and when one action has gone to final judgment, that judgment may be set up as a bar in the other action under the doctrine of res judicata.[3]

■ 28 U.S.C.A. § 400 does not enlarge the jurisdiction of the federal courts. It merely creates a new form of procedure by which declaratory judgments may be rendered by the federal courts in the exercise of the jurisdiction to decide cases or controversies, both at law and in equity, which the Judiciary Acts had already conferred.[4]

[2] Ballard v. Mutual Life Ins. Co. of New York, 5 Cir., 109 F.2d 388, 389; Mutual Ben. Health & Accident Ass'n v. Fortenberry, 5 Cir., 98 F.2d 570, 571; Massachusetts Protective Ass'n v. Kittles, 5 Cir., 2 F.2d 211, 212; Ginsburg v. Pacific Mut. Life Ins. Co. of California, 2 Cir., 69 F. F.2d 97, 98; Jensen v. New York Life Ins. Co., 8 Cir., 50 F.2d 512, 513, 514; New York Life Ins. Co. v. Kaufman, 9 Cir., 78 F.2d 398, 401. See, also, Thompson v. Thompson, 226 U.S. 551, 559, 33 S. Ct. 129, 57 L.Ed. 347; Columbian Nat. Life Ins. Co. v. Goldberg, 6 Cir., 138 F.2d 192.

[3] Wells v. Helms, 10 Cir., 105 F.2d 402, 404; Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 465, 466, 59 S. Ct. 275, 83 L.Ed. 285; Penn General Casualty Co. v. Commonwealth of Pennsylvania, 294 U.S. 189, 195, 55 S.Ct. 386, 79 L.Ed. 850; Kline v. Burke Construction Co., 260 U.S. 226, 230, 43 S.Ct. 79, 81, 67 L.Ed. 226, 24 A.L.R. 1077.

In the case last cited the court said:

"But a controversy is not a thing, and a controversy over a mere question of personal liability does not involve the possession or control of a thing, and an action brought to enforce such a liability does not tend to impair or defeat the jurisdiction of the court in which a prior action for the same cause is pending. Each court is free to proceed in its own way and in its own time, without reference to the proceedings in the other court. Whenever a judgment is rendered in one of the courts and pleaded in the other, the effect of that judgment is to be determined by the application of the principles of res adjudicata by the court in which the action is still pending in the orderly exercise of its jurisdiction, as it would determine any other question of fact or law arising in the progress of the case. The rule, therefore, has become generally established that where the action first brought is in personam and seeks only a personal judgment, another action for the same cause in another jurisdiction is not precluded."

[4] Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 299, 63 S.Ct. 1070, 87 L.Ed. 1407; Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 239, 240, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000.

■ Whether a federal court shall entertain an action for a declaratory judgment rests in its sound discretion.[5]

Counsel for Kortz assert that the Insurance Company can present the issues raised by the complaints for declaratory judgments by cross-petitions in the state court actions. On the other hand, counsel for the Insurance Company asserts that as the issues are framed in the state court the cases may be disposed of upon the issue of disability without a determination of the issues raised by the complaints for declaratory judgments; that there can be no substantial dispute as to the facts in the actions for declaratory judgments; and that the issue of law presented therein can be more expeditiously and inexpensively determined in such actions.

■ It is the duty of the federal court, in exercising its jurisdiction under § 274d, supra, to ascertain whether the questions in controversy between the parties to the federal court suit can better be settled in the proceedings pending in the state court.[6]

The question should be resolved by a determination of whether there is such a plain, adequate, and speedy remedy afforded the Insurance Company in the pending state court actions that a declaratory judgment will serve no useful purpose.[7]

■ The fact that questions of state law are presented will not, in the absence of exceptional circumstances, justify a refusal to entertain an action for a declaratory judgment. In Meredith v. Winter Haven, 320 U.S. 228, 234, 64 S.Ct. 7, 11, 88 L.Ed. 9, the court said:

"The diversity jurisdiction was not conferred for the benefit of the federal courts or to serve their convenience. Its purpose was generally to afford to suitors an opportunity in such cases, at their option, to assert their rights in the federal rather than in the state courts. In the absence of some recognized public policy or defined principle guiding the exercise of the jurisdiction conferred, which would in exceptional cases warrant its non-exercise, it has from the first been deemed to be the duty of the federal courts, if their jurisdiction is properly invoked, to decide questions of state law whenever necessary to the rendition of a judgment."

■ An action for a declaratory judgment, if otherwise appropriate, should not be dismissed merely on the ground that another remedy is available,[8] nor because of the pendency of another suit, if the issues in the declaratory judgment actions will not necessarily be determined in that suit.[9]

Rule 57 of the Federal Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, in part, provides:

"The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate. The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."

■ Counsel have asked this court to determine whether the trial court, in the exercise of its discretion, should have entertained the actions for declaratory judgments. But that question was one originally for the determination of the trial court. There is nothing in the record to indicate that the trial court determined it. We have undertaken to lay down certain guiding principles, but we are constrained not to decide the ultimate question. For us so to do would usurp the functions of the trial court.

The judgments are, therefore, reversed and the causes remanded, with instructions to overrule the motions to dismiss, but without prejudice to the determination by the trial court of whether, in the exercise of its discretion, it will entertain the actions for declaratory judgments.

[5] Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 300, 63 S.Ct. 1070, 87 L.Ed. 1407; Brillhart v. Excess Insurance Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620.

[6] Brillhart v. Excess Insurance Co., 316 U.S. 491, 495, 62 S.Ct. 1173, 86 L.Ed. 1620.

[7] Chicago Metallic Mfg. Co. v. Edward Katzinger Co., 7 Cir., 123 F.2d 518, 519, 520.

[8] Doehler Metal Furniture Co. v. Warren, 76 U.S.App.D.C. 60, 129 F.2d 43, 45, certiorari denied, 317 U.S. 663, 63 S.Ct. 64, 87 L.Ed. 533; Delno v. Market St. Ry. Co., 9 Cir., 124 F.2d 965, 968; Ætna Casualty & Surety Co. v. Yeatts, 4 Cir., 99 F.2d 665, 669; Stephenson v. Equitable Life Assur. Soc. of the United States, 4 Cir., 92 F.2d 406, 409.

[9] Maryland Casualty Co. v. Faulkner, 6 Cir., 126 F.2d 175, 178.