G. V. COFFMAN et al., Plaintiffs,

v.

The CITY OF WICHITA, Kansas, a municipal corporation, Defendant.

Civ. A. T-1566.

United States District Court
D. Kansas.

March 14, 1958.

Order of Dismissal March 20, 1958.

Kenneth G. Speir, of Speir, Stroberg & Sizemore, Newton, Kan., for plaintiffs.

Fred W. Aley, Robt. B. Morton, Paul J. Donaldson, Wichita, Kan., for defendant.

HILL, Chief Judge.

This is a declaratory judgment action instituted by the plaintiffs individually and as a group under the Federal Declaratory Judgment Act of June 14, 1934, 48 Stat. 955, as amended, 68 Stat. 890 (1954), 28 U.S.C. § 2201, to have certain condemnation proceedings, involving property owned separately by them, initiated by the defendant declared null and void on the ground that the proceedings did not comply with the due process requirements of the 14th Amendment of the Constitution of the United States. Both parties have filed motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

On September 28, 1954, the defendant completed condemnation proceedings concerning the right of way for a sixty-six inch pipeline which was to carry water from the equus beds located in Harvey County to the City for its purposes. Notice was given to the landowners in accordance with Kan.G.S.1949, 26–202, which provided that the publication of such proceedings in a newspaper of general circulation in the county in which the land was located for one time at least ten days prior to the hearing was sufficient notice. This statutory procedure

was complied with but some of the landowners objected. Of the original forty-four tracts involved in the condemnation proceedings, eighteen were joined in Case No. A–51342 in the state district court of Sedgwick County, Kansas. These eighteen tracts constitute the class in this action in which the owners of seven tracts, Nos. 27, 28, 29, 32, 37, 39 and 43, have joined as individuals, and jointly on behalf of the other owners of the remaining eleven tracts. The relief sought is to have this court declare that the proceedings were null and void, and that the city acquired no rights as a result of such proceedings. Jurisdiction is based on a general allegation that more than $3,000 is involved and the existence of a federal question. The issues have been joined and both parties have moved for summary judgment.

■ Prior to a determination of the merits of the motion at bar, the element of jurisdiction is a condition precedent to this court's power to make such a determination. This issue, when existent, can and should be raised, even upon the court's own motion. Clark v. Paul Gray, 1939, 306 U.S. 583, 588–590, 59 S.Ct. 744, 83 L.Ed. 1001. Accordingly two questions will be considered. First, whether or not this court has jurisdiction. Second, if it does, then whether or not this is a proper case in which the court should exercise its discretion and refuse to take jurisdiction.

■ First, as to the element of jurisdiction. Assuming the existence of a federal question, the element of diversity is immaterial; and so here, even though the parties are residents of this state, this court has jurisdiction, provided the jurisdictional amount is present. In this case, the existence of the required amount is based upon a general allegation that it exists as to the group, or class. Is this a class suit whereby an aggregation of claims is permissible in order to comply with the required jurisdictional amount?

Class suits have long been a part of federal jurisprudence, and from an early date were authorized by the former equity rules in suits involving persons of a class so numerous that it was impracticable to join them all as parties. These class suits are now within Rule 23(a) which deals with three types of class actions: 1) the true; 2) the hybrid; 3) and the spurious. Yet, these three types have one feature in common; that in each, the persons constituting the class must be so numerous as to make it impracticable to bring them all before the court, in which case such number of them, one or more as will fairly insure the adequate protection and representation of all, may, on behalf of all, sue or be sued. See Martinez v. Maverick County Water Control and Improvement District No. 1, 5 Cir., 1955, 219 F.2d 666, 671–672.

■ In the present action, the owners of seven of the eighteen tracts involved in the class have joined on behalf of themselves and of the group, each of which are the owners of separate tracts of property. Therefore, the subject matter of this case is separate parcels owned by different persons. In view of this, it is not a true class action within Rule 23(a) (1), nor is it a hybrid action within Rule 23(a)(2) as the specific property involved is not owned jointly. Therefore, these individuals, being separate owners of separate tracts, have attempted joinder as a class within Rule 23(a)(3) as members of a spurious class suit in which there are common questions of law and fact.

Assuming, without deciding, that there are common questions of law and fact, there is one requirement which all of the above types of classes must meet. That is, that the number involved in the class must be "so numerous as to make it impracticable to bring them all before the court * * *." Rule 23, F.R.C.P., 28 U.S.C. There are eighteen tracts involved in this group, the owners of seven of which have joined individually. Under the facts of this case, it is concluded that this is not a spurious class action in which the parties are so numerous as to render it impracticable to have them before this court.

The joinder of these parties is permissible under Rule 20(a). However, each party must meet the element of jurisdictional amount, whether joinder is under Rule 20(a) or Rule 23(a)(3). In paragraph two of the complaint, it is alleged that the amount in controversy exceeds $3,000. Such allegation is apparently in reference to the sum in controversy as to the whole group before the court. Yet, this action is maintained by separate persons having separate interests involving only common questions of law and fact. In such circumstances, each plaintiff must meet the jurisdictional test as the sums cannot be aggregated, and a general allegation of jurisdictional amount is insufficient. Clark v. Paul Gray, 1939, 306 U.S. 583, 588–590, 59 S.Ct. 744; Newsom v. E. I. DuPont De-Nemours & Co., 6 Cir., 1949, 173 F.2d 856, 860. No joint or common interest is shown on the face of the complaint, and each has a separate and distinct cause of action, not a joint or common interest. Hence, the complaint is fatally defective unless from an examination of the condemnation proceedings which are incorporated by reference, it can be determined that the jurisdictional amount is present as to any of these plaintiffs.

From the state court proceedings in Case No. A–63909, a recondemnation of the same property as involved in A–51342, which is incorporated by reference in the complaint, a determination may be made concerning whether or not the jurisdictional amount exists as to any of these plaintiffs. The pecuniary amount involved is the test in this case since there are no personal rights involved, nor is the extraordinary remedy of injunctive relief sought. Aetna Ins. Co. v. Chicago, Rock Island & Pacific Railroad Co., 10 Cir., 1956, 229 F.2d 584, 586. From the record, it may be possible to determine whether or not any of the individual plaintiffs meet the required jurisdictional amount. Such information may be gleaned from Exhibit "A" which contains the Report of the Commissioners concerning their appraisals of the subject matter of this case; a prima facie indication of the pecuniary amount involved. Four of the seven tracts here represented have an appraisal value of less than $500: 1) Tract No. 39—$167.75; 2) Tract No. 32—$31.00; 3) Tract No. 27—$421.38; 4) Tract No. 37—$196.25. The other three tracts have each approximately $1,000 in issue: 1) Tract No. 29—$1,058.75; 2) Tract No. 28—$991.25; 3) Tract No. 43—$1,384.50.

Therefore, the first four tracts certainly do not have the requisite amount involved. The latter three may have, but from the record, it appears that these $1,000 sums could not be said individually to meet the jurisdictional requirements. The only issue in the case in the state courts and in this court which has any bearing on the pecuniary amount involved is that of just compensation. If so, the jurisdictional amount is absent in view of Exhibit "A" which gives a prima facie indication of the pecuniary amount involved as to each of these plaintiffs. It is the duty of the trial court, if it finds that jurisdiction does not exist, to proceed no further but to dismiss the suit. McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 188–196, 56 S.Ct. 780, 80 L.Ed. 1135; Joy v. Hague, 1 Cir., 1949, 175 F.2d 395.

Second, assuming arguendo, that the jurisdictional element is present as to some of the members of this group, whether or not this is a proper case in which this court should assume jurisdiction. The Federal Declaratory Judgment Act of June 14, 1934 is an enabling act which confers a discretion on the courts rather than an absolute right upon the litigant. Public Service Commission v. Wycoff Co., 1952, 344 U.S. 237, 241, 73 S.Ct. 236, 97 L.Ed. 291. If jurisdiction did not exist as to three of these seven of the group of eighteen, the court can refuse to take jurisdiction. Aetna Ins. Co. v. Chicago, Rock Island & Pacific Railroad Co., supra. Where only three of the seven owners in a group of eighteen might meet the requirements, this becomes a proper case for the court, in

the exercise of its discretion, to refuse to take jurisdiction, if any exists. Such a determination prevents incongruous results and unnecessary friction between the state and federal courts in our dual judicial system. Where the basic issue is a determination of the constitutionality of a local statute enforced by local processes, such a result is proper under the Federal Declaratory Judgment Act.

In summary, is it concluded that this is not a spurious class action within Rule 23(a)(3) as the parties are not so numerous as to be impracticable as to be before this court; that the court does not have jurisdiction because of the absence of the jurisdictional amount—the requisite allegation that such amount exists as to each plaintiff is absent, and from the record itself, such sum is not present as to any of the plaintiffs. And even if certain parties did in fact meet this jurisdictional test, jurisdiction is refused in the exercise of discretion.

Therefore, in view of the fact that the element of jurisdiction is absent in this case, the complaint is dismissed. This being so, there is no need to consider the merits of the case as this decision moots the motion made by the plaintiffs.

Counsel for defendant will prepare and submit an appropriate order.

### Order Of Dismissal.

This cause came on for hearing on the respective motions for summary judgment filed by Plaintiffs and Defendant in support of which exhibits and matters outside the pleadings were heretofore presented to and admitted by the Court. Thereupon, the matter having been submitted and argued to the Court by counsel for the respective parties, the matter came on for decision on March 14, 1958 and it appearing to the Court from the pleadings, exhibits and evidence heretofore introduced and admitted that the requisite elements of jurisdiction are not present and that in the exercise of the Court's discretion jurisdiction of the cause should be declined and refused, and the Court having, on this day, entered a Memorandum Opinion to such effect which is incorporated herein by this reference, it is

Ordered, adjudged and decreed that this cause is dismissed; that all relief sought in Plaintiffs' complaint be and it is hereby denied and that Defendant recover from Plaintiffs its costs herein expended, and that said costs be taxed to and against Plaintiffs.