Ralph H. DUGGINS, Appellant,

v.

Joe B. HUNT, S-R Insurance Service Agency, Inc., a corporation, and Carr Insurance Agency, Inc., a corporation, Appellees.

No. 7369.

United States Court of Appeals Tenth Circuit.

Oct. 22, 1963.

Clyde Linde, Kansas City, Mo. (Max G. Morgan, Oklahoma City, Okl., and Albert Thomson and Linde, Thomson, Van-Dyke, Fairchild & Langworthy, Kansas City, Mo., of counsel and on the brief), for appellant.

Edward R. Adwon and William G. Fisher, Oklahoma City, Okl. (Andrew J. Moore, Oklahoma City, Okl., and David Hudson, Muskogee, Okl., on the brief), for appellees.

Before LEWIS, HILL and SETH, Circuit Judges.

LEWIS, Circuit Judge.

Appellant is the Superintendent of Insurance of the State of Missouri and in such capacity was appointed by the state court of Missouri as receiver of Guaranty Insurance Exchange, an insolvent reciprocal insurance association organized and licensed under the laws of Missouri. The appellee Hunt is the Insurance Commissioner of the State of Oklahoma and in such capacity was appointed by the state court of Oklahoma as ancillary receiver of such insolvent insurer and was directed and ordered to take charge of and to administer the assets of the insurer within the state of Oklahoma. The other appellees are insurance agents of Guaranty Insurance Exchange within Oklahoma. By complaint filed in the United States District Court for the Western District of Oklahoma and naming the appellee as a defendant in his individual capacity, appellant sought declaratory relief pursuant to Title 28 U.S.C.A. § 2201, upon allegation that certain assets of the insolvent insurer existed within the State of Oklahoma consisting of agents' balances and unearned commissions which, by contract and the statutory provisions of the State of Missouri, constituted trust funds for the equal and proportionate benefit of all creditors of the insolvent insurer wherever located; that the appellee wrongfully exceeds his authority as an officer of the State of Oklahoma and as an officer of the state court of Oklahoma by claiming the right to collect and administer such assets under Oklahoma statutory law which "purportedly vests in the Ancillary Receiver the immediate right to recover agents' balances due an outstate insurer by its agents in the State of Oklahoma which statute was intended to apply only to agents' balances in the State of Oklahoma which are recoverable by the Ancillary Receiver without violating contract obligations protected by Article 1 Section (10) of the Federal Constitution and without violating other relevant provisions of the United States Constitution," and appellant sought to have the court determine and declare that all such assets should be exclusively administered by appellant and should be surrendered to him by appellees. The trial court dismissed the action, finding that it had jurisdiction of the action and the parties but that to exercise such jurisdiction "could, though not of necessity, create an unseemly conflict between the federal and state tribunals. The rights which plaintiff seeks to have declared in assets of the corporation can be fully treated within the state court, and of course, plaintiff's constitutional rights will be as fully protected in that tribunal as in this (federal) court." We believe the order of the district court to be fully sustainable.

The general purpose of the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, is to provide an immediate forum for the adjudication of rights and obligations in actual controversy where such controversy may be settled in its entirety and with expediency and economy. The grant of jurisdiction contained in the Act is not one of compulsion and the court has the discretion whether to entertain an action for declaratory relief. Brillhart v. Excess Ins. Co. of America, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Public Affairs Associates, Inc. v. Rickover, 369 U.S. 111, 82 S.Ct. 580, 7 L.Ed.2d 604; Franklin Life Ins. Co. v. Johnson, 10 Cir., 157 F.2d 653. The questions of when to exercise jurisdiction, when to hold jurisdiction in abeyance, and when to reject jurisdiction are to be determined initially by the trial court, Guardian Life Ins. Co. of America v. Kortz, 10 Cir., 151 F.2d 582, and the judgment of the trial court will be reviewed by this court only to consider whether a clear abuse of discretion appears.

In the case at bar the liquidation of the Guaranty Insurance Co. is proceeding under the guidance of the state courts in several different jurisdictions and the discretionary action of the federal district court must accordingly be weighed not only by the general purposes of the Declaratory Judgment Act but as against the principles of the doctrine of abstention. Although the existence of another remedy through a pending action is not a bar to federal jurisdiction, Guardian Life Ins. Co. of America v. Kortz, 10 Cir., 151 F.2d 582, Rule 57, F.R.Civ.P., the federal court should not hasten to seize upon the determination of a federal constitutional question whose potential lies only in the yet undetermined action of a state court; nor should a federal court needlessly seek conflict with the administration by a state of its own affairs by anticipating an unconstitutional resolution of unsettled questions of state law. These principles seem peculiarly applicable here. The essence of appellant's complaint is that appellee, an official of the State of Oklahoma, will seize and administer certain assets of the insolvent insurer, under the authority of the state court of Oklahoma and at its direction, in such a manner as to render a cited Oklahoma statute federally unconstitutional in application. To determine this claim the federal court would have to lend itself as a forum to determine issues open for decision in the courts of Oklahoma and in an action now pending in those courts. The Declaratory Judgment Act is not intended to give alternative forums so as to draw federal and state courts into potential conflict, National Cancer Hospital of America v. Webster, 2 Cir., 251 F.2d 466, nor to encourage "procedural fencing," Franklin Life Ins. Co. v. Johnson, 10 Cir., 157 F.2d 653, nor to force determination of the constitutionality of local statutes enforced by local processes, Coffman v. City of Wichita, D.C. Kan., 165 F.Supp. 765 aff'd 10 Cir., 261 F.2d 112. We are satisfied that the trial court did not abuse its discretion.

The judgment is affirmed.