**HORACE MANN INSURANCE COMPANY, Plaintiff– Appellant,**

v.

**Sean JOHNSON, By and Through his parents and legal guardians Rudy JOHNSON and Susan Johnson; Rudy Johnson and Susan Johnson, individually; Candy Crittenden, Defendants– Appellees,**

**The Oklahoma Association of Defense Counsel; Aetna Casualty and Surety Company; Farmers Insurance Company, Inc.; Hanover Insurance Company; and Shelter Insurance Company, Amici Curiae.**

No. 91–6124.

United States Court of Appeals, Tenth Circuit.

Dec. 17, 1991.

Mort G. Welch and Norman Lemonik of Abowitz & Welch, Oklahoma City, Okl., for plaintiff-appellant.

Ronald A. Schaulat and Michael H. Brady, Oklahoma City, Okl., and Danny B. Nichols, Midwest City, Okl., for defendants-appellees.

Scott M. Rhodes, Gerald P. Green, and Larry G. Cassil, Jr. of Pierce, Couch, Hendrickson, Johnston & Baysinger, Oklahoma City, Okl., for amici curiae.

Before ANDERSON, BARRETT and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Horace Mann Insurance Company appeals the district court's decision declining to exercise jurisdiction over an action Horace Mann instituted pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, to determine whether a mobile homeowners insurance policy it issued to Defendant Candy Crittenden covered injuries sustained by Defendant Sean Johnson while in Ms. Crittenden's care. *Horace Mann Ins. Co. v. Johnson ex rel. Johnson*, 758 F.Supp. 1456 (W.D.Okla. 1991). The district court refused to exercise jurisdiction over the action because it concluded that the public policy of Oklahoma "manifestly expressed" in Oklahoma's declaratory judgment statute militated against doing so. *Id.* at 1458.

The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction ... any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). " 'Whether to entertain a justiciable declaratory judg-

ment action is a matter committed to the sound discretion of the trial court.' The district court's decision will not be overturned absent a clear abuse of discretion." *ARW Exploration Corp. v. Aguirre*, 947 F.2d 450, 453–54 (10th Cir.1991) (quoting *Kunkel v. Continental Casualty Co.*, 866 F.2d 1269, 1273 (10th Cir.1989)). Whether the district court correctly interpreted the law and public policy of Oklahoma, however, is a matter that we review de novo. *Salve Regina College v. Russell*, —— U.S. ——, 111 S.Ct. 1217, 1221, 113 L.Ed.2d 190 (1991).

Oklahoma's declaratory judgment statute, adopted in 1961, specifically excludes declaratory judgment actions to construe coverage under liability insurance policies.

> District courts may, in cases of actual controversy, determine rights, status, or other legal relations, including but not limited to a determination of the construction or validity of any foreign judgment or decree, deed, contract, trust, or other instrument or agreement or of any statute, municipal ordinance, or other governmental regulation, whether or not relief is or could be claimed, except that no such declaration shall be made concerning liability or nonliability for damages on account of alleged tortious injuries to persons or to property either before or after judgment or for compensation alleged to be due under workmen's compensation laws for injuries to persons or concerning obligations alleged to arise under policies of insurance covering liability or indemnity against liability for such injuries.

Okla.Stat. tit. 12, § 1651.

The district court concluded that because the Oklahoma legislature did not provide a remedy for parties seeking a declaration of rights under a liability insurance policy in the state courts of Oklahoma, the federal courts in Oklahoma should not provide such a remedy, either. The district court acknowledged our holding in *Farmers Alliance Mutual Insurance Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir.), *cert. denied*, 439 U.S. 826, 99 S.Ct. 97, 58 L.Ed.2d 119

(1978), that the *Erie*[1] doctrine does not preclude an Oklahoma federal court from hearing a declaratory judgment action on liability insurance coverage because the Oklahoma declaratory judgment statute is procedural, not substantive. *See Horace Mann,* 758 F.Supp. at 1457. Nonetheless, the court held that it should exercise its discretion to decline jurisdiction "in recognition of principles of federalism and comity." *Id.* at 1460.

The basis for the court's decision was two-fold. First, the district court reasoned that "[t]o allow these suits for declarations in the federal forum results in a discrimination limiting such relief to those able to invoke diversity jurisdiction, a situation where the federal district court, for all practical purposes, sits only as another court of the State." *Id.* at 1459.

The district court acknowledged that before Oklahoma enacted its declaratory judgment statute, no one could obtain declaratory relief on any matter in the state courts of Oklahoma, yet those who were able to invoke diversity jurisdiction could secure relief in the federal courts in Oklahoma. *See Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 674, 70 S.Ct. 876, 880, 94 L.Ed. 1194 (1950) (holding that declaratory action against diverse party brought in Oklahoma federal court was proper; "that the declaratory remedy which may be given by the federal courts may not be available in the State courts is immaterial"). The district court, however, distinguished the propriety of allowing resort to federal court prior to the enactment of the Oklahoma Declaratory Judgment Act from the propriety of allowing resort to federal court under the present circumstances.

The Supreme Court was commenting on the absence of any declaratory remedy in Oklahoma. That situation is not equivalent to present circumstances, where the remedy is generally available, but application of the remedy in cases such as the one under consideration today is express-

ly prohibited in firm expression of state policy.

*Horace Mann,* 758 F.Supp. at 1459 n. 3.

Second, the court noted that "Oklahoma comprehensively regulates the insurance industry," and determined that "[t]he bar against State-court declaratory judgment actions on coverage issues is part of the regulatory fabric." *Id.* at 1459. Therefore, the district court concluded, federal courts should abstain from permitting declaratory judgment actions on liability insurance coverage pursuant to the rationale of *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). *Horace Mann,* 758 F.Supp. at 1459.

█ At the heart of the district court's analysis is its determination that by excluding declaratory judgment actions on liability insurance coverage from the Oklahoma Declaratory Judgment Act, the Oklahoma legislature was making a policy decision relating to its regulation of the insurance industry. We disagree.

The exclusions in the Oklahoma Declaratory Judgment Act are not directed at actions involving the insurance industry, but at actions involving recompense for tortious injuries to persons or property in general. Thus, the Act is entitled

[a]n Act relating to civil procedure and authorizing courts of this State to determine rights, status, or other legal relations, *except where tortious injury to persons or property or workmen's compensation or insurance for such injury is involved;* preserving the right to a jury trial; authorizing supplemental relief; and providing Act shall not apply to orders, judgments, or decrees made by certain State agencies.

Tit. 12, ch. 2, 1961 Okla.Sess.Laws 58 (emphasis added). The Act is not part of Oklahoma's extensive insurance code, but one of its civil procedure statutes. *Cf. Metropolitan Life Ins. Co. v. Hanslip,* 939 F.2d 904, 907 (10th Cir.1991) (determining that statute at issue in ERISA case was "not directed toward the insurance industry" as

---

**1.** *Erie R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct.    817, 82 L.Ed. 1188 (1938).

evidenced by fact statute was not part of Oklahoma's insurance code).

Furthermore, we think it unlikely that the Oklahoma legislature intended to make a policy that would inject as much uncertainty into the process of resolving liability insurance claims as would closing the federal courts to parties seeking a declaration of their rights and liabilities under liability insurance policies. A liability insurance carrier owes a duty to its insured not only to provide a defense, but to conduct settlement negotiations, and to pay any settlement amount or judgment entered against its insured. *See ACandS, Inc. v. Aetna Casualty & Sur. Co.*, 666 F.2d 819, 823 (3d Cir.1981); *American States Ins. Co. v. D'Atri*, 375 F.2d 761, 763 (6th Cir.1967). If the federal courts in Oklahoma are closed to insurers and insureds seeking declaratory relief, it will leave all the parties, including those to the underlying tort action, in a precarious position. An insurance carrier will have to "defend a party to whom it does not believe it owes a duty, or assume the risk that the party will go defenseless—or be defended by someone whose interests are adverse to the company," *D'Atri*, 375 F.2d at 763; an insured will have no remedy other than a bad faith action against a carrier that refuses to provide a defense; a carrier will not likely settle a suit for which it does not believe there is coverage; and a tort victim will have to proceed without knowing whether he or she will be able to collect any judgment ultimately obtained. Without a declaratory judgment action, the parties would have to wait until the tort victim attempted to collect his or her judgment from the insurance carrier to litigate the coverage issue.

Because we conclude the Oklahoma Declaratory Judgment Act does not represent a "firm expression of state policy" concerning regulation of the insurance industry, we disagree with the district court that permitting those parties able to invoke diversity jurisdiction to litigate their liability insurance declaratory judgment actions in federal court will result in impermissible discrimination. By its very nature, diversity jurisdiction always provides a federal forum to those parties who can invoke it while denying the forum to those parties who cannot.

Moreover, Oklahoma's bar against state-court declaratory judgment actions on liability insurance coverage does not give rise to a need for *Burford* abstention. In *Burford*, the Court considered whether a federal district court should have entertained an action attacking the validity of an order of the Texas Railroad Commission granting Burford a permit to drill certain oil wells. 319 U.S. at 316–17, 63 S.Ct. at 1098–99. The state's scheme for regulating oil and gas drilling was extremely complex, *id.* at 318–25, 63 S.Ct. at 1099–1103, and to avoid confusion, the legislature had limited initial review of any decision by the Texas Railroad Commission to a single district court, *id.* at 326, 63 S.Ct. at 1103–04. Nonetheless, the Court noted, "[t]he very 'confusion' which the Texas legislature and Supreme Court feared might result from review by many state courts of the Railroad Commission's orders has resulted from the exercise of federal equity jurisdiction." *Id.* at 327, 63 S.Ct. at 1104.

The Court concluded that the federal trial courts should abstain from hearing cases challenging orders of the Texas Railroad Commission.

The State provides a unified method for the formation of policy and determination of cases by the Commission and by the state courts. The judicial review of the Commission's decisions in the state courts is expeditious and adequate. Conflicts in interpretation of state law, dangerous to the success of state policies, are almost certain to result from the intervention of the lower federal courts. On the other hand, if the state procedure is followed from the Commission to the State Supreme Court, ultimate review of the federal questions is fully preserved here. Under such circumstances, a sound respect for the independence of state action requires the federal equity court to stay its hand.

*Id.* at 333–34, 63 S.Ct. at 1107 (citation omitted).

By contrast, Oklahoma provides no forum for the litigation of declaratory judgment actions on liability insurance coverage. This very absence of a state forum led us to hold in *Allstate Insurance Co. v. Brown*, 920 F.2d 664, 668 (10th Cir.1990), that it would have been inappropriate for the Oklahoma federal district court to have stayed a declaratory judgment action on liability insurance coverage pending resolution of the underlying tort litigation in state court. The district court's decision whether to stay the action, like the decision whether to exercise jurisdiction here, "rest[ed] in the sound discretion of the district court." *Id.* If a stay of the federal action would be inappropriate under these circumstances, so would a refusal to exercise federal jurisdiction altogether.

"Declaratory judgment actions are seen as useful in actions wherein insurance companies seek to have their liability declared. We have expressly recognized that one of the primary functions of the [Federal Declaratory Judgment] Act is to provide the insuror [sic] such a forum." *Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d at 1386. Thus, the Eleventh Circuit ruled in *Cincinnati Insurance Co. v. Holbrook*, 867 F.2d 1330, 1333 (11th Cir.1989) (per curiam), that even if a carrier could not obtain a declaration of its rights and liabilities under an insurance policy in state court until the underlying tort liability was litigated, the carrier should not be foreclosed automatically from seeking a declaration in federal court. Rather, the federal court should exercise its discretion "liberally in favor of granting [declaratory] relief in order to accomplish the purposes of the Declaratory Judgment Act." *Id.*

We conclude the district court abused its discretion in declining to exercise jurisdiction over the declaratory judgment action here. The considerations of comity and federalism upon which the district court relied did not warrant closing the doors of a federal court in Oklahoma to parties seeking a declaration of their rights and liabilities under a liability insurance policy, especially when doing so left the parties without an adequate remedy.

The judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.