951 F.2d 1258
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 AMERICAN STATES INSURANCE COMPANY, Plaintiff-Appellant,
v.
POOL PRO SERVICE, CO.; Tom McLish; Robbie Moreno and
Shelly Moreno, Parents and next-of-kin of Rustin
Moreno, deceased, Defendants-Appellees.
The Oklahoma Association of Defense Counsel; Aetna Casualty
and Surety Company; Farmers Insurance Company,
Inc.,; Hanover Insurance Company; and
Shelter Insurance Company, Amici Curiae.
 No. 91-6145.
 United States Court of Appeals, Tenth Circuit.
 Dec. 19, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff American States Insurance Co. appeals the district court's decision of March 4, 1991, declining to exercise jurisdiction over a declaratory judgment action American States instituted pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, to determine whether it had any obligation under a comprehensive general liability policy it issued to Defendant-appellee Pool Pro Service Co., to defend, insure, or indemnify Defendant-appellee Tom McLish (Pool Pro Service's employee) in an action filed against him by Defendants-appellees Robbie and Shelly Moreno. The district court refused to exercise jurisdiction over the action because it concluded that the public policy of Oklahoma "manifestly expressed" in Oklahoma's declaratory judgment statute militated against doing so.
 
 
 3
 The district court made a similar ruling based on the same rationale in Horace Mann Insurance Co. v. Johnson ex rel. Johnson, 758 F.Supp. 1456 (W.D.Okla.1991). In a recent published opinion, we concluded the district court abused its discretion in refusing to exercise jurisdiction over the declaratory judgment action. Horace Mann Ins. Co. v. Johnson ex rel. Johnson, No. 91-6124, slip op. at 9 (10th Cir. Dec. 17, 1991). For the same reasons discussed in that opinion, we conclude the district court abused its discretion in refusing to entertain the present declaratory judgment action.
 
 
 4
 Therefore, the judgment of the United States District Court for the Western District of Oklahoma is REVERSED, and the case is REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3