28 F.3d 113
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 NATIONAL UNION FIRE INSURANCE COMPANY of Pittsburgh,
Pennsylvania, a Pennsylvania corporation,
Plaintiff-Appellant,
v.
Leroy COURSEY, Defendant-Appellee.
 No. 93-5232.
 United States Court of Appeals, Tenth Circuit.
 June 22, 1994.
 
 1
 ORDER AND JUDGMENT*
 
 
 2
 Before BALDOCK and McKAY, Circuit Judges, and BROWN,** District Judge.***
 
 
 3
 Defendant Leroy Coursey filed an action in state court for personal injuries against an uninsured third-party tortfeasor. Coursey claimed that an automobile policy, issued to Coursey's employer by plaintiff National Union Fire Insurance Company, provided uninsured motorist coverage for him and entitled him to stack that coverage. After completing discovery, National Union filed a motion for summary judgment in state court concerning the issues of coverage.
 
 
 4
 After filing that motion in state court, National Union commenced this action in federal district court pursuant to the Declaratory Judgment Act, 28 U.S.C. Secs. 2201-2202, seeking a determination of its rights and responsibilities under the terms of the policy. Upon notification of the federal action, the state court stayed all proceedings pending resolution of this case.
 
 
 5
 The district court declined to exercise jurisdiction over this action because National Union's motion for summary judgment in state court sought resolution of the same issues National Union raised in federal court. Because the state court's ruling on the motion for summary judgment would resolve the issues brought to federal court, the district court concluded that National Union had a plain, adequate, and speedy remedy in state court. See Kunkel v. Continental Casualty Co., 866 F.2d 1269, 1276 (10th Cir.1989) (in deciding whether to exercise discretion in favor of accepting jurisdiction over declaratory judgment action, district court must consider whether "the same fact-dependent issues are likely to be decided in another pending proceeding."); see also ARW Exploration Corp. v. Aguirre, 947 F.2d 450, 454 (10th Cir.1991) (if controversy can better be settled in pending action, federal court generally should not entertain action because declaratory judgment would serve no useful purpose).
 
 
 6
 National Union appealed to this court. We affirmed the district court's determination in a published opinion filed May 18, 1994. Upon notification that we had issued our opinion, the state court lifted its stay and dismissed National Union's summary judgment motion for lack of jurisdiction in accordance with Okla. Stat. tit. 12, 1651. Coursey v. Kuehne, No. C-89-616 (Rogers County, Okla., Dist. Ct. May 31, 1994). National Union has filed a petition for rehearing in light of the state court's action.
 
 
 7
 The decision of whether to entertain a justiciable declaratory judgment action is committed to the sound discretion of the trial court. Horace Mann Ins. Co. v. Johnson ex rel. Johnson, 953 F.2d 575, 576 (10th Cir.1991). Here, in action taken after our opinion issued, the state court determined it lacked jurisdiction under state law to decide the issues National Union raised in its federal action. In light of the state court's action and in the interests of justice, the district court may now wish to reexamine its decision.
 
 
 8
 Therefore, we GRANT National Union's petition for rehearing and WITHDRAW our opinion of May 18, 1994. We VACATE the judgment of the United States District Court for the Northern District of Oklahoma and REMAND this case for further proceedings in order that the district court may exercise its discretion. See Horace Mann, 953 F.2d at 576-79.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 ***
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument